UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jose Santana, | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| | : COMPLAINT |
| Affordable Motors, Inc., | : |
| Defendant. | : July 18, 2012 |

For this Complaint, Plaintiff, Jose Santana, by undersigned counsel, states as, follows:

## PRELIMINARY STATEMENT

1. This is an action for statutory, actual, and punitive damages and for declaratory and injunctive relief brought pursuant to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z, 12 C.F.R. §226.1, et seq. ("TILA"), Connecticut Unfair and Deceptive Practices Act, Conn. Gen. Stat. § 42-110b ("CUTPA"), Good Faith and Fair Dealing Obligation under UCC § 1-203, and common law fraud.

## JURISDICTION AND VENUE

2. This action arises under the Federal Truth in Lending Act, 15 U.S.C. §1601, et seq., with supplemental jurisdiction over the state law claims. As to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367, and jurisdiction under 28 U.S.C. §1332(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Jose Santana ("Plaintiff," and/or "Jose"), is an adult individual residing in Bridgeport, Connecticut.

5. Defendant, Affordable Motors, Inc. (hereinafter, the "Dealership" and/or "Defendant"), is a Connecticut business entity with an address of 408 Grand Street, Bridgeport, Connecticut 06604, and is engaged in the business of selling motor vehicles within the jurisdiction of this Court.

## STATEMENT OF FACTS

6. Few days prior two February 7, 2012, Jose visited the Dealership and agreed to purchase a 2004 Mazda 3, Vehicle Identification Number JM1BK143941138651 (the "Vehicle"), located on the Dealership's lot.

7. Jose agreed to a purchase price of $7,995.00, with a total cash price of $9,179.12, but advised the Dealership that he could put only $1,500.00 as a downpayment towards the purchase price of the Vehicle and inquired whether he could finance the remainder of the purchase price.

8. On or about February 7, 2012, the Dealership called Jose and told him that they would be able to sell the Vehicle to Jose only on a condition that he puts down additional money as downpayment.

9. After brief negotiation, the Dealership agreed to accept $700.00 to make the deal, but advised Jose that payment should be made in cash only and

should anyone inquire into the details of the Vehicle purchase transaction, Jose should respond that he paid $1,500.00 as a downpayment towards the purchase price of the Vehicle.

10. On or about February 7, 2012, Jose returned to the Dealership, to paid $2,200.00 as a downpayment and signed the Vehicle purchase documents.

11. Upon completion of the purchase transaction the Dealership provided Jose with a copy of the Vehicle purchase documents.

12. The document titled "INVOICE" reflects that Jose paid only $1,500.00 as a downpayment towards the purchase price of the Vehicle.

13. The document titled "RETAIL PURCHASE ORDER FOR MOTOR VEHICLE" also reflects that Jose paid only $1,500.00 as a downpayment towards the purchase price of the Vehicle.

14. Furthermore, the same document contains an abstract of the financial disclosures which reflects that Jose paid only $1,500.00 as a downpayment towards the purchase price of the Vehicle.

15. The Dealership did not provide Jose with a copy of the TILA mandated financial disclosures form.

## COUNT I

### VIOLATION OF TILA – 15 U.S.C. § 1601 *et seq.*

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. At all times relevant hereto, the Defendant regularly extended or offered to extend consumer credit for which a finance charge is or may be

imposed or which, by written agreement, is payable in more than four installments. Defendant is a person to whom the transaction which is the subject of this action is initially payable, making Defendant creditor within the meaning of TILA, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

18. 15 U.S.C. § 1638 provides that the creditor shall disclose the "amount financed," the "finance charge," the "annual percentage rate," as well as other items so that the consumer can make an informed decision regarding the credit being offered.

19. 15 U.S.C. § 1638 also governs the timing of these disclosures and prohibits any conduct that would prevent the consumer from having a meaningful opportunity to review the terms of the credit being offered.

20. Since Plaintiff paid in fact $2,200.00 as downpayment towards the purchase price of the Vehicle at the time the purchase was consummated, the disclosures contained in the retail installment contract signed by the Plaintiff are inaccurate and false, and therefore violate the 15 U.S.C. § 1638(b) and Regulation Z § 226.17(b).

21. Furthermore, the Defendant failed to provide Plaintiff with a copy of retail installment service contract in violation of 15 U.S.C. § 1638 and Regulation Z §§ 226.17 and 226.18.

22. As a result of these violations of TILA, the Defendant is liable to the Plaintiff for actual damages; statutory damages equal to twice the finance charge; punitive damages; costs and attorney fees.

## COUNT II

## BREACH OF CONN. GEN. STAT. 42-110b – UNFAIR AND DECEPTIVE PRACTICES

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendant is in the business of selling motor vehicles and therefore is bound by Conn. Gen. Stat. 42-110b(a), Connecticut Unfair Trade Practices Act ("CUTPA"), which prohibits engaging in unfair or deceptive acts in the conduct of any commerce or trade.

25. The Defendant has engaged in unfair acts and practices in trade or commerce in violation of CUTPA through including, but not limited to, violating provisions of TILA by affirmatively misrepresenting the terms of the Vehicle purchase contract.

26. As a result of said violation the Plaintiff has incurred ascertainable damages.

## COUNT III

## BREACH OF GOOD FAITH AND FAIR DEALING OBLIGATION PURSUANT TO UNIFORM COMMERCIAL CODE § 1-203

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. By misrepresenting material facts and omitting material facts, the Defendant did not perform its obligations to the Plaintiff in good faith and therefore violated UCC §1-203.

29. The actions of the Defendant as described in this Complaint constitute a breach of the good faith requirement and as a proximate result the

Plaintiff has sustained the damages set forth herein.

## COUNT IV

## FRAUD OR MISREPRESENTATION

30.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.     The Defendant induced the Plaintiff to purchase the Vehicle by the misrepresentation of material facts and omission of material facts, namely by misrepresenting the downpayment purportedly made towards the purchase price of the Vehicle.

32.     The Defendant knew such representations to be false, or it made those representations recklessly, or the Defendant had no reasonable grounds for believing those representations were true.  The Defendant also knew that its omissions were material and important.

33.     The Defendant intended to deceive the Plaintiff and intended that the Plaintiff would rely upon its representations, which the Plaintiff did, to the Plaintiff's detriment, suffering damages as a result.

34.     The Plaintiff is entitled to monetary and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

        (a)     Money damages in the form of a refund of the full contract price, including, a refund of all payments made by Plaintiff on

    the subject contract, taxes, license fees, registration fees, insurance premiums, interests, and costs;

(b) Statutory damages of twice the finance charge, with a minimum of $100.00 and a maximum of $1,000.00;

(c) Incidental damages and consequential damages;

(d) Treble damages;

(e) Reasonable attorneys' fees; and

(f) Such other and further relief as this Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: July 18, 2012**

          **Respectfully submitted,**

          **By**  **/s/ Sergei Lemberg**

          **Sergei Lemberg, Esq.**
          **LEMBERG & ASSOCIATES L.L.C.**
          **1100 Summer Street, 3rd Floor**
          **Stamford, CT 06905**
          **Telephone: (203) 653-2250**
          **Facsimile:  (203) 653-3424**
          **Attorney for Plaintiff**